**Opinion filed February 17, 2011**



In The

# Eleventh Court of Appeals

———————

## No. 11-11-00003-CR

———————

## JOHNATHEN LEE HARRISON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20133**

## M E M O R A N D U M   O P I N I O N

The jury convicted Johnathen Lee Harrison of the offense of burglary of a habitation with the commission of a sexual assault. The trial court assessed punishment at confinement for sixty years. Harrison filed an untimely notice of appeal. We dismiss the appeal.

Harrison's sentence was imposed on September 17, 2010. A timely motion for new trial was filed on October 13 and denied by the trial court on October 21. The trial court appointed appellate counsel on December 2 and noted in its order of appointment that no notice of appeal had been filed. Appellate counsel filed the notice of appeal on January 5, 2011. Upon realizing

that the notice of appeal was untimely based on the date of sentencing (as opposed to the date the judgment nunc pro tunc was signed), appellate counsel filed a motion in this court requesting an extension of time to perfect the appeal. The motion was mailed on January 5 and filed on January 7.

Pursuant to TEX. R. APP. P. 26.2(a)(2), the notice of appeal was due ninety days after the day sentence was imposed. In this case, the due date was December 16, 2010. Pursuant to TEX. R. APP. P. 26.3, the motion for extension of time to file the notice of appeal was due fifteen days thereafter: December 31, 2010. Both the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Rule 26.3. In this case, neither was filed within that time period.

Absent a timely filed notice of appeal, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). We are also without jurisdiction to grant a motion for extension that is filed more than fifteen days after the date that the notice of appeal was due. *Olivo*, 918 S.W.2d 519.

Accordingly, appellant's motion for extension of time to perfect the appeal is overruled, and the appeal is dismissed for want of jurisdiction.


                                                            PER CURIAM


February 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.


2